IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ABRAHAM MITCHELL a/k/a | ) | |
| TERRY MITCHELL a/k/a | ) | |
| WILLIE JONES, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| VS. | ) | No. 13-2275-JDT/tmp |
|  | ) | |
| OFFICER WHITMORE, et al., | ) | |
|  | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANT OFFICER WHITMORE

On May 2, 2013, Plaintiff Abraham Mitchell a/k/a Terry Mitchell a/k/a Willie Jones, an inmate at the Shelby County Correctional Center ("SCCC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Memphis Police Officers Whitmore and Howell and the City of Memphis. The City of Memphis was dismissed as a defendant on April 10, 2014. Defendant Officer Whitmore has filed a motion to dismiss [DE# 10].[1] Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion is GRANTED.

The Supreme Court has clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion to dismiss in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Twombly Court stated that "a plaintiff's obligation to provide the grounds

---

[1] Defendant Officer Howell is not a party to the motion.

of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations and quotation marks omitted). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Id. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. Id. at 556. Indeed, "a wellpleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. However, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The complaint alleges that, on July 2, 2012, Plaintiff was homeless and went to the back of a business to sleep in some thick, overgrown bushes. Plaintiff alleges that he was awakened by Defendant Officer Howell who kicked him and caused a police dog to attack and bite him in the armpit and on the right shoulder. Plaintiff alleges that Defendant Officer Whitmore stood there and watched the attack.[2]

The claims against Defendant Officer Whitmore must be dismissed for several reasons. First, Plaintiff has alleged that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment is only concerned with

---

[2] Plaintiff attempted to raise this claim in Mitchell v. Craft, et al., No. 13-2536-JDT-cgc (W.D. Tenn. Sept. 3, 2013) (""Mitchell II"). The claim was dismissed as time barred. That dismissal does not have preclusive effect on this action because the present complaint was filed within the statute of limitations. Affidavits filed in Mitchell II reveal that the alleged attack occurred during Plaintiff's arrest for stealing air conditioning units.

2

punishment by the state after it has secured a formal adjudication of guilt in accordance with due process of law, Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977); it does not apply to pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979). At the time of the incident, Plaintiff had not been convicted of any crime. Therefore, the Eighth Amendment does not apply to his claims.[3]

Additionally, Plaintiff has not alleged that he was injured by Defendant Officer Whitmore's purported inaction in "watching" the attack by Defendant Officer Howell. While it is possible that a plaintiff could receive *de minimis* injuries and still establish a § 1983 claim if the force was inflicted maliciously and sadistically, the absence of significant injury may be considered. See Richmond v. Settles, 450 Fed.Appx. 448 (6th Cir. 2011) (plaintiff suffered only a *de minimis* injury insufficient to state a viable claim).[4] Plaintiff has not alleged that Defendant Officer Whitmore's actions (or inactions) were "malicious" or "sadistic."

---

[3] Defendant Whitmore's motion has put Plaintiff on notice that the Eighth Amendment does not apply to the facts of his case. However, he has not moved to amend his complaint to allege a violation of either the Fourth or the Fourteenth Amendment. See Aldini v. Johnson, 609 F.3d 858, 864 (6th Cir. 2010) (The Fourth Amendment's prohibition against unreasonable seizures applies to excessive-force claims that arise in the context of an arrest or investigatory stop, while the Eighth Amendment's ban on cruel and unusual punishment applies to excessive force claims brought by convicted criminals. When neither the Fourth nor the Eighth Amendment applies, courts have looked to the Fourteenth Amendment.)

[4] There is a distinction between a *de minimis* injury and a *de minimis* use of force. See Wilkins v. Gaddy, 559 U.S. 34 (2010) ("Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."). While that distinction may be applicable to the claim against Defendant Officer Howell, it is not applicable to the claim that Defendant Officer Whitmore "stood and watched" Defendant Officer Howell's alleged actions against Plaintiff.

Finally, Plaintiff has failed to state a claim against Defendant Officer Whitmore for his alleged inaction. The Sixth Circuit has recognized an "inaction theory" of excessive-force liability. See Bruner v. Dunaway, 684 F.2d 422, 426 (6th Cir.1982) ("[I]t is not necessary, in order to hold a police officer liable under § 1983, to demonstrate that the officer actively participated in striking a plaintiff.").

> Generally speaking, a police officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that the excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring.

Turner v. Scott, 119 F.3d 425, 429 (6th Cir.1997). In Ontha v. Rutherford County, Tennessee, 222 F. App'x 498 (6th Cir. 2007), a police officer driving a patrol car pursued a suspect, with a second officer in the passenger seat. Id. at 500–501. The plaintiffs alleged that, in a matter of a few seconds, the driving police officer decided to chase the suspect, who was travelling on foot, and to strike him with his vehicle, a blow which led to the suspect's death. Id. The court determined that, in order to hold the second police officer liable,

> there must be a basis for concluding (i) that [the second officer] perceived that [the primary officer] had embarked on an effort to inflict force upon [the suspect] with the patrol car, and (ii) that he had the means and opportunity to thwart this effort. Moreover, in order to avert the harm to [the suspect], [the second officer] would have had to both glean the nature of [the primary officer's] actions and decide upon and implement preventative measures within a short time span of six to seven seconds.

Id. at 506.

In the present case, Defendant Officer Whitmore would have had to perceive that

4

Defendant Officer Howell intended to apply excessive force against Plaintiff, find an opportunity to thwart his effort, and develop a means to intercede. See Turner, 119 F.3d at 439. Plaintiff's allegations do not satisfy the Turner test. There are no allegations that Defendant Officer Whitmore knew or had reason to know of the alleged impending excessive force or had the opportunity or means to intervene. Accepting Plaintiff's allegations as true, the span of time within which Defendant Officer Whitmore should have perceived the excessive force and implemented an intervention strategy was no more than a few seconds. He had no opportunity to prevent the alleged use of force, given that the alleged events took place quickly and without any forewarning. Cf. Ontha, 222 F. App'x at 506 ("courts have been unwilling to impose a duty to intervene where, as here, an entire incident unfolds in a matter of seconds") (internal quotation marks and citation omitted). Thus, Plaintiff has failed to state a § 1983 claim against Defendant Officer Whitmore.

Accordingly, the motion to dismiss of Defendant Officer Whitmore [DE# 10] is GRANTED, and he is DISMISSED as a defendant in this matter.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE